IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| D. C. and T.W., Minors, by and through their Next Friend, ALEX HIGGINBOTTOM, )<br><br>Plaintiffs, )<br><br>-vs- )<br><br>UNITED STATES of AMERICA )<br><br>and )<br><br>BARNES-JEWISH HOSPITAL, a Missouri Corporation, **Serve: Scott Gronowski** **3015 N. Ballas Road** **St. Louis, MO 63131** )<br><br>Defendants. ) | Civil Action No.: |

## PLAINTIFFS' ORIGINAL COMPLAINT

COME NOW Plaintiffs, D.C. and T.W., minors, by and through their Next Friend Alex Higginbottom, and for their cause of action against Defendants United States of America and Barnes-Jewish Hospital, state as follows:

### PARTIES, JURISDICTION, SERVICE OF PROCESS AND VENUE

1. That Plaintiffs, D.C. and T.W., are the minor sons of Decedent Alexis Higginbottom.

2. That Plaintiffs bring this cause of action on their behalf and on behalf of all other persons legally entitled to recover by virtue of section 537.080 of the Revised Statutes of Missouri, which is commonly known as the Missouri Wrongful Death Statute.

1

3.  That Plaintiffs and their Next Friend, Alex Higginbottom are all residents and citizens of the State of Missouri.

4.  That Defendant United States of America is the United States of America.

5.  That Defendant Barnes-Jewish Hospital was at all times herein mentioned a duly organized and existing Missouri corporation engaged in the business of providing medical and nursing services, and care and it was at all times herein mentioned acting by and through its agent, servants, and employees, including but not limited to any residents, nurses, or other healthcare professionals who were providing care and treatment to Plaintiffs' Decedent Alexis Higginbottom, and acting within the course and scope of their employment.

6.  That this Court has jurisdiction over this matter, as this action is being brought pursuant to 28 U.S.C. Sections 1346(b) and 2671-2680 *et seq.* commonly known as the "Federal Tort Claims Act" which vests exclusive subject matter jurisdiction of Federal Tort Claim s litigation in the Federal District Court.

7.  That the United States of America may be served with process in accordance with Rule 4(I) of the Federal Rules of Civil Procedure by serving a copy of the Summons and Plaintiff's Original Complaint on the United States Attorney for the Eastern District of Missouri, Richard G. Callahan, by Certified Mail, Return Receipt Requested at his office, United States Attorney, Eastern District of Missouri, Thomas Eagleton U.S. Courthouse, 111 S. Tenth Street, 20th Floor, St. Louis, Missouri 63102 to the attention of the Civil Process Clerk, and by serving a copy of the Summons and Plaintiff's Original Complaint on Eric Holder, Attorney General of the United States, by certified mail, return receipt requested, at the Attorney General's Office, 10th and Constitution Avenue, N.W., Washington, DC  20530, to the attention of the Civil Process Clerk.

2

8. That venue is proper in this district pursuant to 28 U.S.C. §1391(e), and 28 U.S.C. §1402(b) as the United States is a Defendant, and all of the events or omissions giving rise to the claim occurred in this district.

## LIABILITY OF THE UNITED STATES OF AMERICA

9. That this case is commenced and prosecuted against the United States of America pursuant to and in compliance with Title 28 U.S.C. §2671 - §2680, commonly referred to as the "Federal Tort Claims Act". Liability of the United States is predicated specifically on Title 28 U.S.C. §1346(b)(1) and Title 28 U.S.C. §2674 because the conscious pain and suffering, personal injuries, wrongful death and resulting damages of which complaint is made, were proximately caused by the negligence, wrongful acts and/or omissions of employees of the United States of America, including the Department of the of Health and Human Services and Veronica Cross, M.D. while acting within the scope of their office or employment, under circumstances where the United States of America, if a private person, would be liable to Plaintiffs in the same manner and to the same extent as a private individual under the laws of the State of Missouri.

## JURISDICTIONAL PREREQUISITES

10. That Plaintiffs plead pursuant to Title 28 U.S.C. §2672 and Title 28 U.S.C. §2675(a), that the claims set forth herein were filed with and presented administratively to the Defendant's agency, the Department of Health and Human Services on November 29, 2010, for the claim of Plaintiffs D.C and T.W. The Department of Health and Human Services acknowledged receipt of the claims on November 30, 2010. On May 25, 2011, the Department of Health and Human Services denied Plaintiffs' claim via a written denial sent to the undersigned counsel. Accordingly, Plaintiffs have complied with all jurisdictional prerequisites

3

and conditions precedent to commencement and prosecution of this litigation.

## THE DEPARTMENT OF HEALTH AND HUMAN SERVICES IS AN AGENCY OF THE UNITED STATES OF AMERICA

11. That the Department of Health and Human Services is an agency of the United States of America. The United States of America, Defendant herein, through its agency, the Department of Health and Human Services, at all times material hereto, owned, operated and controlled the health care facility known as Myrtle Hilliard, located at 5471 Dr. Martin Luther King Drive, St. Louis, Missouri 63112 and through its agency, the Department of Health and Human Services, staffed said health care facility with its agents, servants, and/or employees including Veronica Cross, M.D.

### COUNT I
### Defendant United States of America
### (Wrongful Death)

COME NOW Plaintiffs, D.C. and T.W., minors, by and through their Next Friend Alex Higginbottom, and for their cause of action against Defendant United States of America, state as follows:

12. That Plaintiffs adopt and incorporate paragraphs 1 through 11 as though fully set forth herein.

13. That on June 26, 2009, Decedent Alexis Higginbottom, a 33 year old, Gravida II, Para I, was admitted to Barnes-Jewish Hospital for repeat Cesarean Section and for severe pre-eclampsia, under the care of the United States of America, by and through their employee(s) including Veronica Cross, M.D.

14. That on June 26, 2009 at 2:11 p.m., Decedent delivered a male infant, D.C., by Veronica Cross, M.D.

4

15. That from June 26, 2009 through July 1, 2009, Decedent's medical condition deteriorated with progressive tachycardia, hypertension, dropping hemoglobin, hematocrit and thrombocytopenia.

16. That Decedent's deteriorating condition was attributed to superimposed pre-eclampsia with HELLP syndrome.

17. That Decedent was administered numerous medications and blood transfusions.

18. That on July 1, 2009, Decedent's condition progressively declined, resulting in her death at 2:50 p.m.

19. That the cause of Decedent's death was determined to be thrombocytopenia purpura (TTP).

20. That at the time of her death, Decedent was 33 years old, her date of birth being July 5, 1975.

21. That at all times relevant hereto Veronica Cross, M.D. was a physician duly licensed to practice medicine in the State of Missouri. Veronica Cross, M.D. was at all times mentioned herein the agent, servant, and employee of Defendant United States of America.

22. That at all times concerned herein, Veronica Cross, M.D. was acting within the course and scope of her employment with the United States of America.

23. That at all times mentioned herein Defendant United States of America, by and through its agent, servant, and employee, Veronica Cross, M.D., was negligent in the following respects:

> (a) That Defendant United States of America negligently and carelessly failed to consult maternal fetal medicine specialist upon admission;
>
> (b) That Defendant United States of America negligently and carelessly failed to consult a hematology specialist after June 26, 2006;

5

(c) That Defendant United States of America negligently and carelessly failed to admit Decedent to the Intensive Care Unit for monitoring after June 26, 2009;

(d) That Defendant United States of America negligently and carelessly failed to evaluate laboratory values;

(e) That Defendant United States of America negligently and carelessly administered blood transfusions;

(f) That Defendant United States of America negligently and carelessly diagnosed Decedent with HELLP Syndrome;

(g) That Defendant United States of America negligently and carelessly failed to diagnose Decedent with TTP; and

(h) That Defendant United States of America negligently and carelessly failed to initiate plasmaphoresis.

24. That as a direct result of the negligence of Defendant United States of America, Decedent was caused to die and was caused to suffer severe conscious pain and mental anguish up until the time of her death; Plaintiffs have incurred medical and funeral expenses in the approximate amount of $30,000.00; Plaintiffs have sustained pecuniary loss in form of the past and future earnings and the value of Decedent's services in an amount of at least $310,045.69; and Plaintiffs and those entitled to bring this cause of action have been caused to be deprived of the loss of services, companionship, comfort, instruction, guidance, counsel, training, consortium and support of Decedent in an amount that will fairly and reasonable compensate them for their losses herein.

WHEREFORE, Plaintiffs, by and through their attorneys, pray judgment against Defendant United States of America for the amount of all damages allowed under the law; for post-judgment interest at the applicable legal rate; for all Court costs incurred in this litigation;

and for such other and further relief, at law and in equity, both general and special, to which the Plaintiffs may show themselves.

**COUNT II**
**Barnes-Jewish Hospital**
**(Wrongful Death)**

COME NOW Plaintiffs, D.C. and T.W., minors, by and through their Next Friend Alex Higginbottom, and for their cause of action against Defendant Barnes-Jewish Hospital, state as follows:

25. That Plaintiffs adopt and incorporate paragraphs 1 through 24, as though fully set forth herein.

26. That Defendant Barnes-Jewish Hospital was at all times herein mentioned a duly organized and existing Missouri corporation engaged in the business of providing medical and nursing services, and care and it was at all times herein mentioned acting by and through its agent, servants, and employees, including but not limited to any residents, nurses, or other healthcare professionals who were providing care and treatment to Plaintiffs' Decedent Alexis Higginbottom, and acting within the course and scope of their employment. As a result, Defendant Barnes is liable for the acts and omissions of its agents, servants, and employees under the doctrine of *respondeat superior*, including but not limited to Jacqueline Ogutha, M.D.; Kathleen O'Neill, M.D.; Brooke Winner, M.D.; S. Nicholas, M.D.; Jessica Groden, M.D.; Boineau, M.D.; Allison Gratzer, M.D.; Elizabeth Nugent, M.D.; Matthew Weis, M.D.; James, M.D.; John Hoff, M.D.; Michael Wall, M.D.; Grenda, M.D.; Lindsay Kuroki, M.D.; Goodman, CRT; Lanius, G.N.; Cyndy Cox, R.N.; Vicki Adams, R.N.; Elizabeth Fear, R.N.; Dawn Roellig, R.N.; Alice Liu, R.N.; M. Johnson, RN; J. Alexander, R.N.; Natalie Collins,

R.N.; Proffer, R.N.; Matt Zinter, WUMS; Kelly Kubala, LCSW; Cindy Grieve, CNM; Markovic, RRT; and Carton, RRT.

27. That at all times mentioned herein Defendant Barnes-Jewish Hospital was negligent in the following respects:

(a) That Defendant Barnes-Jewish Hospital negligently and carelessly failed to supervise resident physicians;

(b) That Defendant Barnes-Jewish Hospital negligently and carelessly failed to notify attending physicians of Decedent's deteriorating condition;

(c) That Defendant Barnes-Jewish Hospital negligently and carelessly failed to consult maternal fetal medicine specialist upon admission;

(d) That Defendant Barnes-Jewish Hospital negligently and carelessly failed to consult a hematology specialist after June 26, 2006;

(e) That Defendant Barnes-Jewish Hospital negligently and carelessly failed to admit Decedent to the Intensive Care Unit for monitoring after June 26, 2009;

(f) That Defendant Barnes-Jewish Hospital negligently and carelessly failed to evaluate laboratory values;

(g) That Defendant Barnes-Jewish Hospital negligently and carelessly administered blood transfusions;

(h) That Defendant Barnes-Jewish Hospital negligently and carelessly diagnosed Decedent with HELLP Syndrome;

(i) That Defendant Barnes-Jewish Hospital negligently and carelessly failed to diagnose Decedent with TTP; and

(j) That Defendant Barnes-Jewish Hospital negligently and carelessly failed to initiate plasmaphoresis.

28. That as a direct result of the negligence of Defendant Barnes-Jewish Hospital, Decedent was caused to die and was caused to suffer severe conscious pain and mental anguish up until the time of her death; Plaintiffs have incurred medical and funeral expenses in the

8

approximate amount of $30,000.00; Plaintiffs have sustained pecuniary loss in form of the past and future earnings and the value of Decedent's services in an amount of at least $310,045.69; and Plaintiffs and those entitled to bring this cause of action have been caused to be deprived of the loss of services, companionship, comfort, instruction, guidance, counsel, training, consortium and support of Decedent in an amount that will fairly and reasonable compensate them for their losses herein.

WHEREFORE, Plaintiffs, by and through their attorneys, pray judgment against Defendant Barnes-Jewish Hospital for the amount of all damages allowed under the law; for post-judgment interest at the applicable legal rate; for all Court costs incurred in this litigation; and for such other and further relief, at law and in equity, both general and special, to which the Plaintiffs may show themselves.

MEYERKORD & MEYERKORD, LLC

by:

Doreen A. Graham                                    #34171MO
dag@meyerkordlaw.com
Brian D. Kurth                                          #59651MO
bdk@meyerkordlaw.com
1717 Park Avenue
St. Louis, MO 63104
(314) 436-9958
(314) 446-4700 (fax)
Attorneys for Plaintiffs

BDK/s

9