IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| D.C. and T.W., Minors, by and through their Next Friend, ALEX HIGGINBOTTOM, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA and BARNES-JEWISH HOSPITAL, <br><br> Defendants. | Cause No. 4:11-CV-02042-RWS <br><br> Division No. |

## JUDGMENT AND ORDER APPROVING SETTLEMENT WITH DEFENDANTS BARNES-JEWISH HOSPITAL AND THE WASHINGTON UNIVERSITY

This matter is before the Court on plaintiff's Motion for Approval of Wrongful Death Settlement with the defendants. The Court conducted a hearing on February 26, 2013 and heard testimony from Alex Higginbottom, Next Friend of the minor plaintiffs. The parties have presented to the Court for review and approval a General Release of All Claims, Defense / Indemnity and Confidentiality Agreement related to the settlement between plaintiffs and defendants Barnes-Jewish Hospital and The Washington University, which has been marked as Hearing Exhibit A.

Evidence adduced, and the Court being fully advised, this Court FINDS as follows:

1. That DaShawn Cannon and Timothy Williams, II, minors and plaintiffs herein, were the natural children of decedent Alexis Higginbottom, and are Class I beneficiaries under

4081411.1

RSMo. § 537.080.1. There are no other Class I beneficiaries entitled to share in the proceeds of this settlement.

2. That Alex Higginbottom has been appointed Next Friend of both minor plaintiffs and is empowered, entitled, and legally authorized, on their behalf, to prosecute this action, negotiate a settlement, and administer the proceeds of the settlement in accordance with this Court's orders.

3. That Attorney Brian Kurth and the law firm of Meyerkord & Meyerkord, LLC, have prosecuted this claim on behalf of plaintiffs.

4. That the parties bargained in good faith relative to the settlement.

5. That the plaintiffs have negotiated a settlement with Barnes-Jewish Hospital and The Washington University, which is fair and reasonable and in the best interests of all Class I Beneficiaries under RSMo. § 537.080.1.

6. That the terms of the settlement are fairly summarized in Hearing Exhibit A, which is the Release pertaining to these defendants. The Court has reviewed said Exhibit and found all terms to be in the best interests of all parties.

7. That Attorney Brian Kurth and the law firm of Meyerkord & Meyerkord, LLC, have fees and litigation expenses incurred on behalf of plaintiffs, the totals of which exceed the amount of the settlement described herein between plaintiffs and defendants Barnes-Jewish Hospital and The Washington University. Said fees and expenses are deemed fair and reasonable in light of the complex nature of this suit.

THIS COURT ORDERS AS FOLLOWS:

1. This settlement is fair and reasonable.

4081411.1

2. That proper notice has been given to all parties entitled to take under RSMo. § 537.080.1, and their interests have been considered in the apportionment of this settlement.

3. This settlement was entered into in good faith pursuant to RSMo. § 537.060 and is in the best interests of all parties entitled to take under RSMo. § 537.080.1.

4. That a separate settlement between plaintiffs and The United States of America has been reached and has been submitted to the Court for separate consideration and approval.

5. Minor plaintiffs DaShawn Cannon and Timothy Williams, II, are the sole Class I beneficiaries entitled to share in the proceeds of this wrongful death settlement pursuant to RSMo. § 537.080.1.

6. That Alex Higginbottom, as Next Friend of the minor plaintiffs DaShawn Cannon and Timothy Williams, II, is empowered, entitled, and legally authorized to consummate this settlement and is hereby ordered to sign the General Release of All Claims, Defense / Indemnity and Confidentiality Agreement submitted by Barnes-Jewish Hospital and The Washington University, marked as Hearing Exhibit A.

7. The Court approves as reasonable and appropriate the legal fees and litigation expenses incurred in the prosecution of this litigation and disclosed by Meyerkord & Meyerkord, LLC at the February 26, 2013 hearing.

8. Defendants Barnes-Jewish Hospital and The Washington University are ordered to pay the entire settlement amount set forth in Hearing Exhibit A directly to Meyerkord & Meyerkord, LLC in partial satisfaction of the legal fees and litigation expenses incurred in the prosecution of this action.

9. Alex Higginbottom is ordered to sign a Stipulation for Dismissal with regard to defendants Barnes-Jewish Hospital and The Washington University, with each party to bear its own costs.

10. Pursuant to the confidentiality agreement negotiated by the parties and pursuant to this Order, the terms of the settlement are deemed confidential. Per agreement of counsel, Hearing Exhibit A has been withdrawn by counsel for Barnes-Jewish Hospital and will be maintained in his file.

DATE: March 6, 2013      SO ORDERED: _____
                                     Hon. Rodney W. Sippel

4081411.1